UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| BEAU C. VAUGHAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 1:14-cv-00077 |
| | ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is the sole remaining claim of ineffective assistance of counsel from Beau C. Vaughan's Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) On April 7, 2017, the Court held an evidentiary hearing on this claim. For the following reasons, this claim is **DENIED** and this action is **DISMISSED**.

## I. PROCEDURAL BACKGROUND

In the underlying criminal case, a federal jury convicted Vaughan of conspiracy to distribute or possess with intent to distribute 100 kilograms or more of marijuana. United States of America v. Beau C. Vaughan, No. 1:10-cr-00006, ECF No. 51 (M.D. Tenn. Aug. 11, 2011). He was sentenced to a term of 300 months' imprisonment. Id., ECF. No. 76 (M.D. Tenn. Jan. 18, 2012).

The Court denied Vaughan's Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255 (Doc. No. 1), except for one of his claims of ineffective assistance of trial counsel—John Colley. (Doc. No. 15.) Specifically, Vaughan argues that Colley's failure to communicate "led him to reject a plea offer pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with a recommended sentence of twelve years." (Doc. No. 1 at 15.) Respondent argues that the

Government did not make such an offer, though it did advise Colley in March 2011 that "it could be possible to obtain approval . . . for a sentence of fifteen years . . . ." (Doc. No. 5 at 9-10.) The Court concluded that, "[g]iven the ambiguity created from the timing between the . . . emails, . . . an evidentiary hearing is necessary to resolve whether [Vaughan's] counsel effectively communicated Respondent's 15 year plea offer and the consequences of rejecting the offer." (Id.)

## II. FINDINGS OF FACT

Vaughan and Colley testified at the April 7, 2017 hearing. The record establishes by a preponderance of the evidence the following:

In August 2010, Vaughan and Colley discussed plea options, but Colley did not engage plea discussions with the Government because Vaughan did not want to serve time in federal prison. Vaughan spoke to Colley again at the suppression hearing on December 6, 2010. Vaughan and Colley disagree on whether they spoke between August and December 2010.

Vaughan's motion to suppress was denied on February 28, 2011. He maintains that his brother told him that the motion to suppress had been denied, but Colley believes that he provided Vaughan a copy of the Court's order denying the motion to suppress either directly or through Vaughan's family.

Colley entered plea discussions with the Government after the denial of the motion to suppress. He testified that Vaughan told him that he would accept a deal to serve a sentence of 7 or 8 years imprisonment, but to begin by offering 5 years. Colley told Vaughan that the Government would not accept the first offer, and asked Vaughan to tell Colley the maximum sentence he would accept. Colley understood that Vaughan would go to trial before agreeing to serve more than 10 years.

On March 3, 2011 at 10:19 a.m., Colley sent an email to the Government stating "I have spoken with Mr. Vaughan. He is agreeable to a sentence in the 5+ year range." (Ev. Hr'g Ex. 1 at 2.) At 11:34 a.m., the Government responded that it intended to file an "851" if he did not plead guilty. (Id. at 1-2.) The Government stated that it could not "agree to a sentence in the range of five years. If [Vaughan] is interested in a plea agreement which would result in a sentence of 15 years - which would be below his Guidelines range, I expect I could get approval for that from my supervisor. If he is not interested in a sentence in that range, please let me know and we can ask the court to set a trial date." (Id. at 2.) At 12:01 p.m., Colley responded, "Let's get a trial date." (Id. at 1.) At 12:16 p.m., the Government responded, "Just so I am clear, Mr. Vaughan is not going to plead guilty and intends to proceed to trial?" (Id.) At 12:45 p.m., Colley responded, "Yes, Mr. Vaughan intends to go to trial rather than plead and take 15." (Id.) Vaughan testified, however, that he would have been interested in a plea deal for 15 years at that point, but he would have sought to preserve the right to appeal the denial of his motion to suppress.

On July 22, 2011 at 11:17 a.m., the Government sent an email to Colley asking "if Mr. Vaughan does intend to go to trial, whether [he had] objections to" transcripts of jail calls that the Government intended to use as evidence. (Id. at 3.) On July 25 at 7:42 a.m., Colley responded, "You are at 15, and we are at 10, and if we can't bridge that gap, we shall try the case, I suppose." (Id.)

After he sent the email at 7:42 a.m., Colley met with Vaughan in person and they discussed a possible plea agreement to serve a 15 year sentence. Vaughan was not willing to accept such a possible agreement, unless he could preserve his right to appeal the denial of his motion to suppress. Colley believed that Vaughan made it clear that he would go to trial if the Government would not agree to such an offer. Vaughan testified that, at this meeting, Colley informed him that

3

he faced a 30 year sentence if he was found guilty. Vaughan then authorized Colley to offer an open guilty plea if he was allowed to appeal the denial of his motion to suppress. Colley told him that he would contact the Government, and told Vaughan to call Colley to find out the Government's decision.

At 6:14 p.m. on July 25, Colley sent an email to the Government stating, "Mr. Vaughan is seriously considering pleading open if the Government will consent to a Rule 11 (a)(3) appeal of the Court's ruling on our suppression motion. Will it?" (Id. at 4.) At 11:01 p.m., the Government responded, "We won't agree [] that Mr. Vaughan can plead open with our agreement that he can appeal the ruling on the suppression issue." (Id.) At 7:12 a.m. the next morning, Colley responded, "No, we'll try it. End of discussions." (Id.) Colley testified that he told Vaughan the Government's decision, either directly or through Vaughan's family. Vaughan testified, however, his brother informed him on July 27 that the Government filed an "851," and this led Vaughan to assume that the Government had rejected the offer. In any case, Vaughan and Colley agree that they did not communicate after their July 25 meeting until the morning of trial, which was August 9, 2011. Vaughan admits that he was aware that he could have pleaded guilty at any point until the jury reached a verdict, and he understood that he could not have appealed the denial of the motion to suppress unless there was an agreement with the Government to that effect.

### III. CONCLUSIONS OF LAW

Vaughan argues that his counsel was ineffective for failing to communicate a 15 year plea offer and the consequences of rejecting the offer.

**A.    Ineffective Assistance of Counsel**

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler v. Cooper, 566 U.S. 156, 162 (2012) (quoting McMann v. Richardson, 379 U.S.

4

759, 771 (1970)). "To demonstrate that his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), [Vaughan] must make two showings: (1) [his] counsel's performance was deficient, or put differently, fell below an objective standard of reasonableness; and (2) the performance prejudiced [Vaughan]." King v. Westbrooks, 847 F.3d 788, 795 (6th Cir. 2017) (quoting United States v. Mahbub, 818 F.3d 213, 230-31 (6th Cir. 2016)) (internal quotation marks omitted). "Courts are not required to conduct an analysis under both prongs of the inquiry. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003) (quoting Strickland, 466 U.S. at 697).

As an initial matter, the proof does not establish that the Government actually made a 15 year plea offer to Vaughan. At 11:34 a.m. on March 3, 2011, the Government told Colley by email that: "If [Vaughan] is interested in a plea agreement which would result in a sentence of 15 years . . . , I expect I could get approval for that from my supervisor." (Ev. Hr'g Ex. 1 at 2.) It is speculative, at best, to assume that this offer would have been approved, and "counsel could not be ineffective for giving bad advice about, or not communicating, a nonexistent offer." Zoica v. Curtin, No. 15-1996, 2016 WL 761915, at *2 (6th Cir. 2016) (citing Lafler, 566 U.S. at 168).

Assuming the Government's March 3 statement was a valid offer, however, the Court concludes that Vaughan has not sufficiently demonstrated he was prejudiced. To establish prejudice, "[Vaughan] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Moss v. Hofbauer, 286 F.3d 851, 859 (6th Cir. 2002) (quoting Strickland, 466 U.S. at 694). Because the rejection of a plea offer led to trial, Vaughan must demonstrate the following:

5

> but for the ineffective advice of counsel there is a reasonable probability [1] that the plea offer would have been presented to the court (i.e., that [Vaughan] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

McGowan v. Burt, 788 F.3d 510, 514 (6th Cir. 2015) (quoting Lafler, 566 U.S. at 164). Here, a 15 year sentence clearly would have been less severe than the 25 year sentence that the Court imposed. There is also a reasonable probability that the Court would have accepted an offer for 15 years, because—according to the Government—it would have been only 8 months below the guideline range that he would have had before the Government filed a Section 851 Information. (Ev. Hr'g Ex. 1 at 1-2.) However, Vaughan has not demonstrated that there is a reasonable probability that he would have accepted the offer.

Vaughan and Colley gave conflicting testimony on the substance of their communications regarding plea negotiations. The email exchange from March 3 through July 26, 2011, however, is more consistent with Colley's testimony on this issue. The Court finds Colley's testimony at the hearing to be credible.

According to Colley, he first discussed a potential plea deal with Vaughan after the Court denied Vaughan's motion to suppress on February 28, 2011. Colley testified that, at that time, Vaughan told him that he would accept a deal to serve a sentence of 7 or 8 years, but to begin negotiations by offering 5 years. Colley also testified that Vaughan said that he would go to trial before agreeing to serve a sentence greater than 10 years. Colley testified that Vaughan specifically rejected the possible 15-year offer at the in-person meeting on July 25, and that Vaughan made it clear that he would go to trial unless the Government agreed to allow him to appeal the denial of his suppression motion.

6

Vaughan's interest in appealing the denial of his motion to suppress—evinced by the emails in the record, and the testimony from both Vaughan and Colley at the evidentiary hearing in this action—was a legitimate consideration in deciding whether to plead guilty or proceed to trial. This interest, along with his aversion to serving time in federal prison, belies his argument that there was a "reasonable probability" that he would have accepted a 15-year offer if it had in fact been offered and communicated to him. See Lafler, 566 U.S. at 164. Accordingly, Vaughan has not demonstrated the necessary prejudice for an ineffective assistance of counsel claim.

B.      **Certificate of Appealability**

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court will deny a certificate of appealability, as Vaughan has failed to make a substantial showing of the denial of a constitutional right.

## IV. CONCLUSION

For the reasons discussed above, Vaughan's Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is denied and this action is dismissed. The Court denies a certificate of appealability.

A separate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE